# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, | Case No. 2:20-cv-01543-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Donna Herman Trull, *et al.*, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, (Dkt. No. 61), recommending that the Court grant motions for summary judgment filed by Defendants Vera E. Courson and Virginia A. Dean (Dkt. No. 35), and Defendant Donna Herman Trull, (Dkt. No. 43). For the reasons set forth below, the Court adopts the R&R as the order of the Court and grants Defendants' respective motions for summary judgment.

**I.     Background**

Plaintiff, a state prisoner appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to his serious medical needs. Plaintiff alleges that Defendants did not adequately treat injuries stemming from an assault he suffered on April 4, 2018.

On August 16, 2021, Defendants Courson and Dean moved for summary judgment. (Dkt. No. 35). On August 26, 2021, Defendant Trull moved for summary judgment. (Dkt. No. 43). In response to both motions, the Court issued *Roseboro* orders. (Dkt. Nos. 36, 44). Plaintiff responded in opposition on August 30, 2021. (Dkt. No. 50). On September 10, 2021, Defendant Trull filed a reply. (Dkt. No. 52).

On October 14, 2021, the Magistrate Judge filed an R&R recommending that Courson and Dean, and Trull's respective motions for summary judgment be granted. (Dkt. No. 61).

On November 1, 2021, Plaintiff filed a "motion for Rule 59(e)." (Dkt. No. 66). The Magistrate Judge denied the motion, finding that Rule 59(e) did not apply to the R&R as it was not a "final judgment." (Dkt. No. 67). The Magistrate Judge also observed that to the extent the motion constituted objections to the R&R, Plaintiff simply restated facts and arguments already advanced in opposition. Out of an abundance of caution and fairness to Plaintiff, however, the Magistrate Judge extended the deadline by which Plaintiff could file formal objections to the R&R to November 19, 2021.

On November 22, 2021, Plaintiff moved for additional time to file objections to the R&R. (Dkt. No. 74).

That same day, the Court granted the request and granted Plaintiff until December 22, 2021 to file objections to the R&R. (Dkt. No. 75). To date, Plaintiff has not filed objections to the R&R.

Defendants Vera E. Courson and Virginia A. Dean, and Defendant Donna Herman Trull's respective motions for summary judgment are fully briefed and ripe for disposition.

II.  **Legal Standard**

    a.  **Fed. R. Civ. P. 56**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Defendants are entitled to summary judgment. Namely, the Magistrate Judge correctly found

that Defendants consistently treated Plaintiff for his injuries stemming from an April 4, 2018 assault and that Defendants did not play a role in any delay in Plaintiff's treatments. (Dkt. No. 61 at 4-10) (detailing the medical care Plaintiff received); (*Id.* at 11-13) (finding that there was no evidence Defendants were even aware of an alleged delay in Plaintiff's treatment and that there was no indication Plaintiff's condition worsened because of a delay in treatment); *Cameron v. Sarraf*, 128 F. Supp. 2d 906, 911 (E.D. Va.), *aff'd*, 232 F.3d 886 (4th Cir. 2000) ("[D]eliberate indifference entails something more than mere negligence, ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."); *Id.* ("In other words, "[p]rison personnel show deliberate indifference by completely failing to consider an inmate's complaints or by acting intentionally to delay or deny the prisoner access to medical care."). As the Magistrate Judge details in the R&R, Plaintiff was consistently seen and treated by health care professionals in a timely fashion. *See, e.g.*, (Dkt. No. 61 at 12) ("As for Defendant Nurse Dean, it is undisputed that she referred Plaintiff's complaints about his ribs to the doctor as well as Plaintiff's request for an x-ray. While Plaintiff disputes that Dean gave him pain medication, the deprivation of pain medication, alone, does not demonstrate that Dean's actions were '[s]o grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness.'") (internal citations omitted).

To the extent the Court construes Plaintiff's "Rule 59(e)" motion as "objections," the Court overrules them. (Dkt. No. 66). Besides restating the general facts of this case, Plaintiff argues that the Magistrate Judge "misread evidence"—namely that the "encounters in Plaintiff's medical file were encounters that were documented . . . to the institution. These are not sick call encounters where Plaintiff was actually seen by any medical official." (*Id.* at 1). The Court has reviewed the pertinent section of the R&R, (Dkt. No. 61 at 4-6), and Plaintiff's medical records, (Dkt. No. 43-

2), *de novo*. The Court overrules Plaintiff's objections. The Magistrate Judge accurately described the medical treatment Plaintiff received and Plaintiff puts forth no admissible evidence calling into question the veracity of the medical records submitted by Defendants. *See, e.g.*, (Dkt. No. 61 at 4-5) (detailing how Plaintiff was seen the day he was attacked and immediately following the attack around April 6, 2018 whereby Plaintiff was treated for pain to his ribs); (*Id.*) (noting Plaintiff was seen on April 10, 2018 and then on April 26, 2018—at the April 26, 2018 visit Plaintiff complained of pain to a wisdom tooth); (*Id.* at 5) (detailing a May 1, 2018 "sick call" entry by Nurse Dean regarding Plaintiff's complaints concerning rib pain and associated treatment. Nurse Dean further describes a "standing order" for acetaminophen or ibuprofen and that she "[d]iscussed with I/M that ribs heal and once bone is healed it calcifies and that may be the protrusion. Informed that rebreaking (as he requested) probably is not an option and not typically feasible").

## IV.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 61) as the order of Court and grant Defendants Vera E. Courson and Virginia A. Dean (Dkt. No. 35), and Defendant Donna Herman Trull, (Dkt. No. 43), respective motions for summary judgment. The Clerk is directed to close this case.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 3, 2022
Charleston, South Carolina